The Chief Justice delivered the opinion of the court.
The certiorari in this case is to remove before this court, the judgment and- proceedings in unlawful detainer. In somewhat *more than a month after it was presented [*23 to the justice, he issued upon the judgment a writ of restitution under which the defendant was turned out and the plaintiff put into possession of the premises in question.
Tho defendant below, now plaintiff in certiorari, has moved to set asido this writ of restitution as illegally issued after the certiorari was delivered to the justice and for a writ to restore the possession.
On the other side, it is insisted that, inasmuch as a recognizance according to the 4th section of the act to regulate in certain cases the issuing of writs of certiorari (Rev. Laws 407) was not taken nor delivered to the justice, he was at liberty to proceed on the judgment by issuing the writ of restitution and that the certiorari without recognizance was improvidently allowed.
A judgment rendered by a justice of the peace under the statute concerning forcible entries and detainers, is not within the section referred to, and, therefore, no recogniz *28 anee is thereby required upon the allowance of a certiorari to remove such judgment. The “judgments, or orders” embraced by it are not such as relate to “ private wrongs ” or matters in controversy between individuals; but to “public wrongs” or matters partaking of their nature; in which the state is a party or the community, as such, is in some respect concerned; of which divers instances are to be found in our statutes. The correctness of this reading of the section is abundantly shewn by the direction it contains that the recognizance shall be entered into to “ the state of 'New Jersey.” In cases of private controversy, a recognizance when prescribed, is uniformly directed to be given by the one party to the other party. For example, recognizances of special bail, upon habeas corpus and on writs of error. When a prosecution of either of these recognizances becomes necessary, the party, to whom it is given, sues, as he may deem proper, at his own costs, and applies to his own use whatever may be recovered. But of what benefit to the party, and why should it be required, if given to the state, in case of unlawful detainer? . If the judgment be affirmed, the party cannot at his pleasure prosecute ; there is no provision to authorize or enable him to do so'; like pther forfeited recognizances, the prosecution must be conducted by public authority; the money when collected *24] *must pass into the treasury of the state, from which it cannot be drawn without an act of the legislature.
These considerations satisfactorily serve to exclude the judgments under the act concerning forcible entries and detainers from the purview of the section.
An argument was drawn from the proviso which declares that the section shall not extend to orders or judgments in actions made cognizable before any justice of the peace in the courts for the trial of small causes. This proviso was evidently introduced from abundant caution, ex majori cautela. Without it, the construction of the section would have been the same; and the express exception of one case *29 or class of cases, cannot by any just reasoning cause any other case or class to bo brought -within the enacting words which otherwise is not within their reach.
A decision was made many years since in this court that the section does not extend to the act respecting forcible entries and detainers and that a recognizance is not required. We have not the case reported nor in print, nor are we able to refer to it by name; but the fact was communicated by the late Chief Justice to Justice Ford soon after the latter came to this bench. In Mairs v. Sparks, 2 South. 513, in forcible detainer, the writ of restitution was issued after the certiorari was delivered to the justice. The court said “ The writ of certiorari is in its nature and effect a supercedeas and ought to stay all further proceedings in the cause. After it is received, the justice has no right to take any proceedings or issue any writ. Nor is it the duty of the justice to canvass and decide how far it was legally issued. He has no power to determine that matter; it rests with another tribunal. It is enough for him that it appears to be in proper form and with the allocatur endorsed upon it by a justice of the Supreme Court.” It may be truly observed that the court here did not directly and in terms hold that a recognizance was not required, yet we may not suppose such language would have boon used by the court if they had deemed a recognizance to be necessary.
A careful examination of the files of this court has been made which shews the following result and evinces the course of practice. Of twenty-eight writs of certiorari, believed to be the whole or nearly the whole number since the date of the act respecting recognizances, eighteen are without recognizance. Within *the first fifteen years after the act, [*25 two only of sixteen writs were accompanied by recognizances.
In our opinion, a recognizance in the case before us is unnecessary. The writ of restitution therefore, should be set aside and a writ issued to the sheriff to restore the possession to the defendant below.
*30 The plaintiff in certiorari further moved for a rule on the justice to send up afease produced by the adverse party on the trial. The lease was the evidence of one of the parties, and after the trial ought to have been, and we are therefore to presume, was taken by him and not retained by the justice, upon whom we may not call to send higher a paper not rightfully in his hands. Motions of this kind have been repeatedly overruled. The defendant in certiorari may be required to produce the lease here, as was done in Hatfield v. Noe, 3 Halst. 364, if by the j ustice’s docket or his answer to a rule, it appears to have been given in evidence.
Motion to quash overruled and restitution ordered.